UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury N-18-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:18CR 200 (JCH) |
| | : | |
| v. | : | VIOLATIONS: |
| | : | |
| LEONID POLLAK | : | 18 U.S.C. § 1343 (Wire Fraud) |
| a.k.a. "Lenny Pollak" | : | |
| | : | 18 U.S.C. § 1957 (Illegal Monetary Transactions) |
| | : | |
| | : | 18 U.S.C. § 981 (Forfeiture) |

FILED
2018 SEP 12 P 1:56
U.S. DISTRICT COURT
NEW HAVEN, CT.

INDICTMENT

The Grand Jury charges:

COUNTS ONE THROUGH SIX
(Wire Fraud)

1. At all relevant times, the defendant, LEONID POLLAK ("POLLAK"), who was also known as "Lenny Pollak," was a resident of Greenwich, Connecticut.

2. POLLAK owned and operated Universal Expo Group LLC ("Universal Expo"), a limited liability company which was registered with the Connecticut Secretary of State on or about March 8, 2012. Universal Expo purported to be in the business of organizing trade shows and exhibitions throughout the United States.

3. "Victim 1," who was an acquaintance of POLLAK's, was a resident of New York, New York.

4. Bank of America ("BofA") was a financial institution that was insured by the Federal Deposit Insurance Corporation ("FDIC"). Universal Expo maintained a BofA bank account in Connecticut with an account number ending in 9016 (the "9016 Account").

## The Scheme and Artifice to Defraud

5. From in or about July 2013 through in or about November 2013, in the District of Connecticut and elsewhere, POLLAK devised and intended to devise a scheme and artifice to defraud Victim 1, and to obtain money from Victim 1, by means of materially false and fraudulent pretenses, representations, and promises.

## Manner and Means

6. It was part of the scheme and artifice to defraud that POLLAK took the following steps in the District of Connecticut and elsewhere.

7. In or about July 2013, POLLAK approached Victim 1 about a purported business opportunity. Specifically, POLLAK proposed that he and Victim 1 jointly form a company, Ukrainian Expo Group LLC ("Ukrainian Expo"), for the purpose of organizing trade shows and exhibitions in Ukraine.

8. POLLAK solicited from Victim 1 an initial capital contribution of $225,000, which POLLAK falsely represented would be used to facilitate Ukrainian Expo's business. POLLAK subsequently solicited an additional $65,000 from Victim 1 under the same false pretenses.

9. Victim 1 accepted POLLAK's proposal, and on or about August 1, 2013, entered into an agreement with POLLAK to form Ukrainian Expo, with Victim 1 and POLLAK each having a fifty percent membership interest in the company. On or about August 6, 2013, Victim 1 registered Ukrainian Expo with the Connecticut Secretary of State.

10. In total, between on or about July 30, 2013, and on or about November 14, 2013, Victim 1 contributed a total of $290,000 (in ten installments) to Ukrainian Expo.

Victim 1 made these payments via interstate wire transfers to the 9016 Account in Connecticut.

11. In order to induce Victim 1 to continue to make payments to Ukrainian Expo, and subsequently to prevent Victim 1's discovery of the scheme and artifice to defraud, POLLAK falsely represented to Victim 1 that he had used Victim 1's money for the purpose of organizing trade shows and exhibitions in Ukraine.

12. Contrary to POLLAK's representations, however, POLLAK did not use Victim 1's funds to facilitate Ukrainian Expo's business. Instead, POLLAK and, at times, others acting at his direction used substantially all of Victim 1's funds for other unrelated business and personal expenses, including POLLAK's home mortgage loan, groceries and clothing, automobiles, and private school tuition.

### Executions of the Scheme and Artifice to Defraud

13. On or about the dates listed below, in the District of Connecticut and elsewhere, for the purpose of executing the above-described scheme and artifice to defraud, POLLAK knowingly caused to be transmitted in interstate commerce by means of wire communications certain signs, signals, and sounds, each constituting a separate count of this Indictment, as follows:

| Count | Date (on or about) | Description of Interstate Wire |
|---|---|---|
| 1 | 9/17/2013 | Wire in the amount of $10,000 from Victim 1 outside Connecticut to the 9016 Account in Connecticut. |
| 2 | 9/25/2013 | Wire in the amount of $45,000 from Victim 1 outside Connecticut to the 9016 Account in Connecticut. |
| 3 | 10/2/2013 | Wire in the amount of $10,000 from Victim 1 outside Connecticut to the 9016 Account in Connecticut. |
| 4 | 10/10/2013 | Wire in the amount of $25,000 from Victim 1 outside Connecticut to the 9016 Account in Connecticut. |

| Count | Date (on or about) | Description of Interstate Wire |
|---|---|---|
| 5 | 10/28/2013 | Wire in the amount of $45,000 from Victim 1 outside Connecticut to the 9016 Account in Connecticut. |
| 6 | 11/14/2013 | Wire in the amount of $20,000 from Victim 1 outside Connecticut to the 9016 Account in Connecticut. |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS SEVEN THROUGH EIGHT
(Illegal Monetary Transactions)

14. The allegations in Paragraphs 1 through 13 are realleged and incorporated as if fully stated herein.

15. On or about the dates listed below, in the District of Connecticut and elsewhere, POLLAK knowingly engaged in, and caused others to engage in, monetary transactions in criminally derived property of a value greater than $10,000, involving financial institutions that are engaged in, and the activities of which affect, interstate commerce, such property having been derived from specified unlawful activity, that is wire fraud in violation of Title 18, United States Code, Section 1343, as follows:

| Count | Date (on or about) | Description of Illegal Monetary Transaction |
|---|---|---|
| 7 | 9/26/2013 | Check in the amount of $19,459.32 from the 9016 Account to POLLAK's home mortgage lender. |
| 8 | 10/29/2013 | Check in the amount of $19,459.32 from the 9016 Account to POLLAK's home mortgage lender. |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATION

16. Upon conviction of one or more of the wire fraud offenses alleged in Counts One through Six of this Indictment, POLLAK shall forfeit to the United States of America,

pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

17. If any of the above-described forfeitable property, as a result of any act or omission of POLLAK, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of POLLAK up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 981(a)(1), as incorporated by Title 28, United States Code, Section 2461(c), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/FOREPERSON/

UNITED STATES OF AMERICA

JOHN H. DURHAM
UNITED STATES ATTORNEY

AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY