

FILED

2019 MAR 18 P 5: 13

J.S. DISTRICT COURT
NEW HAVEN, CT.

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*        *(203)821-3700*
*157 Church Street, 25ᵗʰ Floor*        *Fax (203) 773-5376*
*New Haven, Connecticut 06510*        *www.justice.gov/usao/ct*

March 18, 2019

Tracy Hayes, Esq.
Federal Defender's Office
265 Church St., Suite 702
New Haven, CT 06510

   Re:  United States v. Leonid Pollak
      Case No. 3:18CR200 (JCH)

Dear Attorney Hayes:

   This letter confirms the plea agreement between your client, Leonid Pollak (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

**THE PLEA AND OFFENSE**

   In consideration for the benefits offered under this agreement, the defendant agrees to plead guilty to counts Five and Eight of the Indictment charging violations of 18 U.S.C. § 1343 (wire fraud) and 18 U.S.C. § 1957 (illegal monetary transaction).

   The defendant understands that, to be guilty of the offense of wire fraud in Count Five, the following essential elements must be satisfied:

  1.  There was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises, as described in the indictment;

  2.  The defendant knowingly participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

  3.  In execution of the scheme, the defendant used or caused the use of an interstate wire, as specified in Count Five of the indictment.

*Tracy Hayes, Esq.*
*Page 2*

The defendant understands that, to be guilty of the offense of engaging in an illegal monetary transaction in Count Eight, the following essential elements must be satisfied.

1. The defendant knowingly engaged in an unlawful monetary transaction in or affecting interstate commerce, as described in the indictment;

2. The monetary transaction involved criminally-derived property having a value in excess of $10,000;

3. The property was derived from specified unlawful activity, namely wire fraud;

4. The defendant knew that the property involved in the monetary transaction was the proceeds of specified unlawful activity, namely wire fraud; and

5. The transaction took place in the United States.

## THE PENALTIES

Imprisonment

This offense carries a maximum penalty of 20 years of imprisonment.   The offense of an illegal monetary transaction carries a maximum penalty of 10 years of imprisonment

Supervised Release

In addition, the Court may impose a term of supervised release on each count of not more than 3 years to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 2 years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

Fine

This offense carries a maximum fine of $250,000 on each count. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571.  Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction.  The defendant agrees to pay the special assessment to the Clerk of the Court on the day ~~the guilty plea is accepted.~~ *of sentencing - C & 9*

*Tracy Hayes, Esq.*
*Page 3*

<u>Restitution</u>

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A.  The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Regardless of restitution that may be ordered by the Court noted above, the defendant agrees to make restitution in the amount of found by the Court to be the applicable Guidelines loss.

<u>Interest, penalties and fines</u>

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date.  18 U.S.C. § 3612(f).   Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g).

The defendant agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

**THE SENTENCING GUIDELINES**

<u>Applicability</u>

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement.  The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office.  The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

<u>Acceptance of Responsibility</u>

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce

*Tracy Hayes, Esq.*
*Page 4*

the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The parties submits that the defendant's base offense level under U.S.S.G. § 2S1.1 is the adjusted offense level applicable to the underlying wire fraud offense under 2B1.1.  Under

*Tracy Hayes, Esq.*
*Page 5*

2B1.1, based on its present loss calculations, the Government submits that the adjusted offense level includes a base offense level of 7, plus a 10 level enhancement relating to a Guidelines loss between $150,000 and $250,000.  The defendant submits the Guidelines loss figure may be less than $150,000 with a corresponding base offense level of 7, plus an 8 level enhancement for loss. The parties will seek to refine the loss analysis prior to sentencing.

Under either loss range, under 2S1.1, the parties agree that the base offense level is then increased by 1 level as the defendant is convicted of an offense under 18 U.S.C. Section 1957. The parties agree that a three level reduction for acceptance of responsibility applies under U.S.S.G. § 3E1.1, as noted above.[1]

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I.  The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

Under the Government's present calculation of loss, the Government contends that the defendant would be at a total offense level 15, assuming a Criminal History Category I, which would result in a range of 18 to 24 months of imprisonment (sentencing table) and a fine range of $4,000 to $40,000, U.S.S.G. § 5E1.2(h).  The defendant is also subject to a supervised release term of one to three years.  U.S.S.G. § 5D1.2.

Under the defendant's assessment of loss, the defendant contends that the defendant would be at a total offense level of 13, assuming a Criminal History Category I, which would result in a range of 12 to 18 months of imprisonment (sentencing table) under the Guidelines, but would permit a departure to a Zone B sentence if conditions referenced under 5C1.1 (commentary n. 7) are applicable.   The defendant is subject to a fine range of $3,000 to $30,000, U.S.S.G. § 5E1.2(h).  The defendant is also subject to a supervised release term of one to three years.  U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek departures or a non-Guidelines sentence, and both sides reserve their right to object to departures or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above.  The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate

---

[1]  The parties agree that the counts are grouped together as closely related counts and that at 2S1.1 applies as the applicable Chapter 2 Guidelines.  (The parties further note that even if the counts were not grouped, the ultimate Guidelines range would be the same.)

*Tracy Hayes, Esq.*
*Page 6*

calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Information to the Court</u>

The parties reserve their rights to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the parties will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## **WAIVER OF RIGHTS**

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

<u>Waiver of Trial Rights and Consequences of Guilty Plea</u>

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

<u>Waiver of Statute of Limitations</u>

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

*Tracy Hayes, Esq.*
*Page 7*

<u>Waiver of Right to Challenge Conviction</u>

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

<u>Waiver of Right to Appeal or Collaterally Attack Sentence</u>

The defendant acknowledges that under certain circumstances, he is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 if that sentence does not exceed the Guidelines determined applicable by the Court as either a total offense level or 13 or 15, a 3 year term of supervised release, a $200 special assessment, and restitution equal to the Guidelines loss even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

<u>Waiver of Challenge to Plea Based on Immigration Consequences</u>

The defendant understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, non-citizens are subject to removal for a broad range of crimes, including the offense(s) to which the defendant is pleading guilty. Likewise, if the defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization and removal. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea and regardless of any advice the defendant has received from his counsel or others regarding those consequences. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction or sentence.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that, if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

*Tracy Hayes, Esq.*
*Page 9*

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the wire fraud, which forms the basis of the Indictment in this case.  After sentencing, the Government will move to dismiss counts 1, 2, 3, 4, 6 & 7 of the indictment.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement.  If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

JOHN H. DURHAM
UNITED STATES ATTORNEY

CHRISTOPHER W. SCHMEISSER
ASSISTANT UNITED STATES ATTORNEY
Fed. Bar No. ct14806
christopher.schmeisser@usdoj.gov
157 Church Street, 23d Floor
New Haven, CT  06510
Tel: (203) 821-3700

MARIA DEL PILAR GONZALEZ
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. phv09854
pilar.gonzalez@usdoj.gov
157 Church Street, 25th Floor
New Haven, CT  06510
Tel: (203) 821-3700

*Tracy Hayes, Esq.*
*Page 10*

      The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____          MARCH 18, 2019
LEONID POLLAK                                          Date
The Defendant

      I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____          MARCH 18, 2019
TRACY HAYES, ESQ.                                   Date
Attorney for the Defendant

*Tracy Hayes, Esq.*
*Page 11*

## STIPULATION OF OFFENSE CONDUCT

The defendant and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to two counts of the indictment:

The defendant represented to the victim that that specific capital provided by the victim would be used for the business (Ukrainian Expo Group LLC) for organizing trade shows and exhibitions in Ukraine.   Based on such representations, on or about October 28, 2013, the victim wired $45,000 from an account in New York to a bank account in Connecticut used by Ukrainian Expo Group.   At the time of the wiring, there were no available funds in the Connecticut bank account as the account balance was negative.  Despite the represented use for the funds, the defendant knowingly, willfully and with intent to defraud immediately took a portion of that $45,000 to pay certain personal expenses, including making a $19,459 mortgage payment relating to personal property within hours of receipt of the funds and also paying other personal expenses.  Further, with the payment of the $19,459 from the account, the defendant knowingly engaged in a monetary transaction from the account involving financial institutions that were engaged and involved in activities affecting interstate commerce (and were FDIC insured).

The parties agree that the Guidelines loss amount is no more than $250,000 and no less than $95,000.

This written stipulation is part of the plea agreement.  The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.


_____            _____
LEONID WOLLAK                                              CHRISTOPHER W. SCHMEISSER
The Defendant                                                     ASSISTANT UNITED STATES ATTORNEY


_____
TRACY HAYES
Attorney for the Defendant

*Tracy Hayes, Esq.*
*Page 12*

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

   A.  Return the property to the owner of the property or someone designated by the owner; or

   B.  If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

   The greater of -
   (I)  the value of the property on the date of the damage, loss, or destruction;  or

   (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

   A.  Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

   B.  Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

   C.  Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant.  In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release.  Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court.  *See* 18 U.S.C. §§ 3613A, 3614. If offense

*Tracy Hayes, Esq.*
*Page 13*

involved fraud or other intentionally deceptive conduct, include: The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.